# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABBIT RIDGE WINE SALES, INC., et al., <br>     Plaintiffs, <br><br> v. <br><br> UNIGARD INSURANCE COMPANY, et al., <br>     Defendants. | CV 19-5440 DSF (SSx) <br><br> Order REMANDING Case to State Court |

    This case was removed from state court based on diversity jurisdiction. The removing defendants admit that not all plaintiffs are diverse from all defendants. They claim, however, that defendant Relation Insurance Services of Central California, Inc. (Relation) is fraudulently joined because it is a "sham defendant" and the single cause of action for negligence against Broker is a "sham cause of action." Dkt. 1, Notice of Removal, ¶ 11. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

    For purposes of diversity jurisdiction, the Court need not consider the citizenship of any defendant who has been fraudulently joined. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Further, a fraudulently joined defendant is not required to join in a notice of removal, even if that defendant has been served. Emrich v. Touche Ross & Co., 846 F.2d 1190,

1193 n.1 (9th Cir. 1988). There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

Here, Plaintiffs bring three causes of action against Unigard Insurance Company: breach of an insurance agreement, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. Plaintiffs bring a fourth cause of action against Relation, an insurance agent, for negligence, arising out of the same nexus of facts.[1] See Compl. ¶¶ 34-38.

---

[1] To the extent that Plaintiffs' cause of action against Relation is pleaded in the alternative to their claims against other Defendants, this is allowed

2

Under California law an insurance agent can be held liable for negligence if (1) the agent misrepresents the nature, extent or scope of the coverage being offered or provided, (2) there is a request or inquiry by the insured for a particular type or extent of coverage, or (3) the agent assumes an additional duty by either express agreement or by holding himself out as having expertise in a given field of insurance.  See <u>Fitzpatrick v. Hayes</u>, 57 Cal. App. 4th 916, 927 (1997).  Plaintiffs allege that Gil Hubbell (an employee, agent, and/or authorized representative of Relation) made various statements and representations that are the basis for their claim of negligence against Relation.  See Compl. ¶ 10.  Defendant does not argue that Plaintiffs' claim against Relation is barred under California law.

Because there is at least a *possibility* that a state court would find Plaintiffs' complaint (or an amended version of that complaint) states a cause of action against Relation for negligence, Relation has not been fraudulently joined.[2]  Therefore, complete diversity does not exist, and the Court lacks jurisdiction under 28 U.S.C. § 1332.

The motion to remand is GRANTED.  The case is remanded to the Superior Court of California, County of San Luis Obispo.

Plaintiffs request attorneys' fees pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides that "[a]n order remanding the

---

under California law.  <u>Mendoza v. Cont'l Sales Co.</u>, 140 Cal. App. 4th 1395, 1402 (2006).

[2] Plaintiff Erich Russell's statement in an email to Hubbell that Plaintiffs sued Relation "so the insurance company could not change the venue to Federal court—which a sleez bag [sic] insurance company would do in a heartbeat" is not relevant to the Court's inquiry as to whether diversity jurisdiction exists.  See Dkt. 19-2 (Russell Decl.); Ex. 1 (Email from Russell to Hubbell).

case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). Although the Court finds it lacks jurisdiction, it does not find Defendant lacked an objectively reasonable basis for removal. Plaintiffs are not entitled to attorneys' fees.

IT IS SO ORDERED.

Date: August 13, 2019

Dale S. Fischer
United States District Judge